*In the Matter of* NAN MICKEL, *a Negro Girl.*

The owner of a slave, by his will, dated the 15th January, 1813, declared as follows: " I manumit and give freedom to my negro woman *Mott,* and her daughter *Nan,* immediately after my decease." The testator, afterwards, sold *Nan* as a slave, to C., and died: *Held* that the sale of the slave, by the testator, was, *pro tanto,* a revocation of his will, and that she was not entitled to her freedom after his decease.

To render a manumission effectual, there must be some certificate, or writing, delivered by the master to the slave, or to some third person for his benefit, so as to consummate the act of manumission.

THIS case came before the court upon the return to a *Habeas Corpus,* directed to *Samuel M'Clallen,* who held, and claimed, a negro girl, named *Nan Mickel,* as his slave.

*Henry Michael,* the owner of the negro girl, by his last will and testament, dated the 15th day of *January,* 1813, declared as follows: " I manumit and give freedom to my negro woman *Mott,* and her daughter *Nan,* immediately after my decease." The testator, however, soon after the date of his will, sold *Nan* as a slave to one *Cook,* from whom *M'Clallan* derived his title. The testator, *Michael,* afterwards died. The question submitted to the consideration of the court, by the consent of parties, on the facts above stated, was, whether, under these circumstances, the negro girl *Nan* was entitled to her freedom?

*Per Curiam.* The sale made by the testator, after making his will was, *pro tanto,* a revocation of the will. This would certainly be the operation as to the disposition of any other property owned by him, and there can be no solid reason why it should not be so with respect to this wench. It ought to be observed, that she is not claimed as a slave for life, but only until she is 25 years of age, having been born since *July,* 1799. A will has no effect, or operation, until the death of the testator. No person can claim any right, or interest, under it. It is completely under the control and direction of the testator. Although a manumission of a slave does not rest upon the principles of a contract, but is an act of benevolence, sanctioned by the statute, and made obligatory, if in writing; yet such writing ought to pass out of the hands, and from under the control of the master. In all the cases we have had before us on this question, the certificate of the master has either been delivered to the slave, or to some third person for his benefit, and the act has thereby become consummated. But in the case before us, it must be considered as only resting in intention. No act has been done that is binding on the master. We are of opinion, therefore, that the girl is not entitled to her freedom.

Judgment accordingly.